# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN C. RUIZ-PALACIOS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FCI MENDOTA,<br><br>Respondent. | No. 1:23-cv-00945-JLT-SKO (HC)<br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br>(Doc. 6)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br>[NO CERTIFICATE OF APPEALABILITY IS REQUIRED] |

Juan C. Ruiz-Palacios is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The assigned Magistrate Judge issued Findings and Recommendations to dismiss the petition as unexhausted. (Doc. 6.) Petitioner filed objections to the Findings and Recommendations. (Doc. 8.)

Petitioner concedes that his petition is unexhausted, but he argues that exhaustion would be futile. In his petition, he claimed that his immigration detainer precluded him from having First Step Act credits applied to his sentence. (Doc. 1 at 6, 9-18.) The Magistrate Judge noted that the BOP changed their procedure on February 6, 2023, such that inmates with immigration detainers were no longer barred pursuant to BOP policy from earning FSA credits and having them applied to their sentence. U.S. Dep't of Justice, Federal Bureau of Prisons, *Change Notice to*

1

1 *Program Statement No. 5410.01, First Step Act of 2018 - Time Credits: Procedures for*
2 *Implementation of 18 U.S.C. 3632(d)(4)* (Feb. 6, 2023),
3 https://www.bop.gov/policy/progstat/5410.01_cn.pdf (last visited July 12, 2023).  Thus, the
4 Magistrate Judge concluded that exhaustion would not be futile.

5     Petitioner now brings a new claim for relief.  He contends that the BOP has informed him
6 that it will not apply FSA times credits to his release date because he is subject to a final order of
7 removal.  Petitioner disputes this fact and argues he simply has an immigration detainer lodged
8 against him.  This argument was not made before the Findings and Recommendations were filed
9 and is thus waived. A habeas petitioner cannot introduce new claims in objections under Fed. R.
10 Civ. P. 72.  In any case, this dispute does not concern the BOP's interpretation of a statute.
11 Rather, it is a factual dispute.  If in fact the BOP has erroneously determined that Petitioner is
12 subject to a final order of removal rather than an immigration detainer, an administrative appeal
13 to correct the factual dispute should prove fruitful, or at least provide the BOP an opportunity to
14 resolve the claim.  This is evident in the fact that Petitioner submits nothing to substantiate his
15 claim.  Thus, the Court does not find that Petitioner's administrative remedies would be futile.

16     According to 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a *de novo* review of the
17 case. Having carefully reviewed the entire file, including Petitioner's objections, the Court
18 concludes that the Magistrate Judge's Findings and Recommendations are supported by the
19 record and proper analysis.  Thus, the Court **ORDERS**:

20     1.    The Findings and Recommendations issued on June 26, 2023, (Doc. 6), are
21     **ADOPTED IN FULL**.
22     2.    The petition for writ of habeas corpus is **DISMISSED** without prejudice.
23     3.    The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated: **July 20, 2023**

*(signature)* Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE